28    3
f119   233

## No. 5950.

VIRGINIA A. TALBOT, WIDOW OF THE LATE R. A. PORTER, VS. W. H. HUNT, TESTAMENTARY EXECUTOR, ET AL.

This case must be decided under the provisions of the Code of 1870, the alleged legitimation having occurred since that year. Plaintiff, who claims the legitimation of her children, has failed to show a compliance with article 198 or article 200 of said Code.

Reliance is placed on a notarial act of acknowledgment executed by the deceased on the twenty-fifth of May, 1869, five years before the marriage, to establish the legal acknowledgments. That act acknowledges them as the natural children of the father, but had no reference to legitimation, and the mother did not join in it. It is not such acknowledgment as is required by article 198, Revised Civil Code, which was in force at the date of the marriage in 1874, and cannot be taken as a compliance with article 200, as it was not intended by the father to legitimate them.

Article 198, which is materially changed in this respect from the corresponding article in the Code of 1825, requires that both parents must make an acknowledgment, before a notary and two witnesses, of their children, in order that their marriage shall have the effect of legitimating such children born prior to the marriage, when they are not acknowledged in their contract of marriage, and this cannot say that the acknowledgment in this instance, made by only one of the parents, before the change in the law and with no reference to legitimation, is sufficient under the law in force at the date of the marriage, and which must control in this case.

APPEAL from the Second District Court, parish of Orleans. _Tissot_, J. _W. O. Denegre_, for plaintiff and appellee. _Cotton & Levy_, for defendants and appellants.

HOWELL, J. The plaintiff, widow of R. A. Porter, deceased, sues in behalf

of their minor children, to annul the will of said deceased, on the ground that the marriage of plaintiff and deceased subsequent to the making of said will legitimated their children and operated a revocation of the will and conferred on them the same rights as if they had actually been born after the making of the will, and she invokes the case of the succession of Cabaleiro, 24 An. 573, to sustain her demand and the judgment in her favor in the lower court.

This case must be decided under the provisions of the Code of 1870, the alleged legitimation having occurred since that year, and we think the plaintiff has failed to show a compliance with article 198 of said Code, or article 200, which read:

"Article 198.—Children born out of marriage, except those who are born from an incestuous or adulterous connection, may be legitimated by the subsequent marriage of their father and mother, whenever the latter have legally acknowledged them for their children, either before their marriage, by an act passed before a notary and two witnesses, or by their contract of marriage itself."

"Article 200.—A natural father or mother shall have the power to legitimate his or her natural children by an act passed before a notary and two witnesses, declaring that it is the intention of the parent making the declaration to legitimate such child or children."

The former article applies specially to this case, and by its requirements the two parents must *both* make the acknowledgment, by an act passed before a notary and two witnesses, or in their contract of marriage itself. There must be a concurrence of the intention of both parents evidenced in one or the other mode mentioned in this article.

It is not contended or suggested that such acknowledgment was made in the contract of marriage; but reliance is placed on a notarial act of acknowledgment executed by the deceased on twenty-fifth May, 1869, (five years before the marriage) to establish the "legal acknowledgment." That act acknowledges them as the *natural* children *(totidem. verbis)* of the father, but had no reference to legitimation, and the mother did not join in it. It is not such acknowledgment as is required by article 198, R. C. C., which was in force at the date of the marriage in 1874, and cannot be taken as a compliance with article 200, as it was not intended by the father to legitimate them.

We think article 198, which is materially changed in this respect from the corresponding article in the Code of 1825, requires that both parents must make an acknowledgment before a notary and two witnesses, of their children, in order that their marriage shall have the effect of legitimating such children born prior to the marriage, when they are not acknowledged in their contract of marriage, and we cannot say that the acknowledgment in this instance, made by only one of the parents

before the change in the law and with no reference to legitimation, is sufficient under the law in force at the date of the marriage and which must control in this case. "*Ita lex scripta est.*"

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendants, with costs.

Rehearing refused.